

1  **GEOFFREY V. WHITE (SBN. 068012)**
   **LAW OFFICE OF GEOFFREY V. WHITE**
2  351 California St., Suite 1500
   San Francisco, California 94104
3  Telephone: (415) 362-5658
   Facsimile: (415) 362-4115
4  Email: gvwhite@sprynet.com

5  Attorneys for Plaintiff

6  E-filing

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 **JUDITH RODDEN,**                        CV Case **08    2953**
                                    )
12          Plaintiff,                        )  **COMPLAINT FOR INJUNCTIVE**
                                    )  **RELIEF AND DAMAGES FOR**
13    v.                                      )  **DISABILITY BENEFITS UNDER**
                                    )  **ERISA WELFARE PLAN**
14 **AECOM TECHNOLOGY CORP.,** a             )
   Delaware corporation; **AECOM**           )
15 **TECHNOLOGY CORP. LONG-TERM**            )
   **DISABILITY PLAN,** and **HARTFORD LIFE**)
16 **& ACCIDENT INSURANCE CO.,** a           )
   Connecticut corporation,                  )
17                                            )
            Defendants.                       )
18 _____   )

19        Plaintiff, JUDITH RODDEN, complains of Defendants, and each of them, and alleges as

20 follows:

21                            **JURISDICTION**

22        1.    This is an action by a participant in an employee welfare benefit plan against the

23 Plan and its named fiduciaries, for injunctive relief and damages to enforce her rights under the

24 Plan to receive long-term disability income benefits, because Defendant Hartford Life &

25 Accident Insurance Co. ("Hartford") has arbitrarily denied her appeal for continued LTD

26 benefits. Jurisdiction is conferred on this Court by Sections 502(e) and (f), 502(a)(1)(A) and (B),

27 and 502(a)(2) and (3) of ERISA, 29 U.S.C. §§1132(e) and (f), 1132 (a)(1)(A) and (B), and

28 1132(a)(2) and (3), and by 29 U.S.C. §1331(a) and 28 U.S.C. §2201.

---

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## VENUE

2.    The Defendant Aecom Technology Corp. Long-Term Disability Plan ("Plan") is administered within this District, and Defendant Hartford Life & Accident Insurance Co. ("Hartford") is doing business within this District.  Venue is thus proper pursuant to §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## PLAINTIFF

3.    Plaintiff Judith Rodden ("Rodden") is a natural person, and a resident of San Francisco, California.  At all times material, she was an employee of Aecom Technology Corp. and a participant in the Defendant Plan, within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1102(7).

## DEFENDANTS

4.    Defendant Aecom Technology Corp. ("Aecom") was and is a Delaware corporation, with its principal place of business in Los Angeles, California.  At all material times, Aecom was and is the employer maintaining Defendant Plan, and is therefore a Plan "administrator", "fiduciary" and "party in interest", within the meaning of sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

5.    Defendant Plan was and is an employee welfare benefit plan, within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).  Plaintiff is informed and believes, and thereon alleges that at all material times the Plan was fully insured through premiums paid to Hartford pursuant to that certain Group Insurance Policy No. GLT-675191.

6.    Defendant Hartford is, on information and belief, the party designated in the above Policy to make determinations of disability and benefit payments under the Plan. Defendant Hartford is therefore allegedly a Plan "administrator", "fiduciary" and "party-in-interest", within the meaning of sections 3(14), (16) and (21) of ERISA, 29 U.S.C. §§1002(14), (16) and (21).

## FACTS

7.    Plaintiff Judith Rodden was employed by Aecom from approximately June 2000 until approximately December 2005 when she was required to leave work to have surgery to

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

relieve pain and radiculopathy in her lumbar spine owing to severe scoliosis. Plaintiff attempted to return to modified work in March 2006 but in May 2006 Defendant Aecom advised Plaintiff it could no longer accommodate her disability and she was laid off. Plaintiff has not worked since that date and has remained disabled from any gainful employment. In December 2007, Plaintiff was approved for Social Security Disability benefits without a hearing, for her disability commencing June 2006.

8.    In December 2005, Plaintiff submitted her application for Short-Term Disability benefits to the Plan and its insurance carrier, Defendant Hartford. Hartford awarded her Short-Term Disability benefits and then Long-Term Disability benefits, agreeing that Plaintiff was disabled from her own occupation. Nevertheless, Hartford terminated LTD benefits in September, 2007, claiming that a file review by their physician showed she was not disabled at all and could return to full-time work as an architect. Plaintiff timely appealed, and on March 27, 2008 and April 24, 2008 submitted extensive medical and other evidence that she remained disabled and entitled to LTD benefits. On May 28, 2008, Hartford denied the appeal and completely ignored all Plaintiff's medical, functional and vocational evidence, stating that another file review by its physician "found" that Plaintiff could work full-time as an architect.

**FIRST CLAIM**
[Claim for Disability Benefits]

9.    Plaintiff incorporates by reference and realleges the allegations contained in Paragraphs 1 through 8 above.

10.    Defendants, and each of them, have failed to comply with their duties under ERISA, the Policy, and applicable Plan documents to afford Plaintiff a full and fair review and determination of her claim for continued long-term disability benefits. Defendant Hartford has ignored Plaintiff's evidence supporting her continued disability, and relied solely on a records review by its physicians in claiming Plaintiff does not suffer from disabling pain and spinal instability from her severe scoliosis, contrary to the opinions and diagnostic tests by all of Plaintiff's treating and examining physicians. Defendant Hartford's denial of benefits and dismissal of Plaintiff's appeal was biased and tainted by its pecuniary conflict of interest, since it

1    would be required to pay the claim if granted. Hartford's own review noted a "claim reserve" for

2    Plaintiff of approximately $315,000. Accordingly, this Court may not defer to Hartford's

3    decision, and exercises *de novo* review.

4        11.    The standards and procedures used in Hartford's review of Plaintiff's appeal also

5    violated Hartford's obligations under the January 2007 Judgment in favor of the California

6    Department of Insurance in <u>Hartford Life Ins. Co. et al v. State of California</u>, Case No. CPF 05-

7    50518. Accordingly, the Court exercises *de novo* review on this basis as well.

8        12.    By their failure and refusal to pay Plaintiff's long-term disability benefits,

9    Defendants, and each of them, violated the terms of the Plan and Policy, and Plaintiff's rights to

10   such benefits pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

11   **SECOND CLAIM**<br>[Breach of Fiduciary Duty]

12

13       13.    Plaintiff incorporates by reference and realleges the allegations contained in

14   Paragraphs 1 through 12, above.

15       14.    As the alleged Plan fiduciary responsible for determining claims for benefits,

16   Defendant Hartford was required, pursuant to Part 4 of Title I of ERISA and applicable State

17   law, to discharge its duties with respect to benefit claims prudently, for the exclusive benefit of

18   Plan participants and beneficiaries, and in accordance with the specific fiduciary obligations

19   imposed therein, under the Plan documents, and under Hartford's legal obligations to the

20   California Department of Insurance.

21       15.    In its decision to terminate Plaintiff's LTD benefits, and its refusal to provide a

22   full and fair review of her appeal, Defendant Hartford acted arbitrarily and capriciously, in

23   willful disregard of the terms of the Plan and Policy provisions, the medical evidence submitted,

24   and its legal obligations under the above Judgment. At all material times, Defendant Hartford

25   acted herein only in its own financial interest in denying Plaintiff's claim. Accordingly,

26   Defendant Hartford has breached its fiduciary obligations under ERISA, the Plan and the subject

27   Policy.

28

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as

2  follows:

3    1.    <u>On the First Claim</u>:  For an Order directing Defendants to pay to Plaintiff the

4  long-term disability benefits to which she is entitled under the terms of the Plan, together with

5  pre-judgment interest from the date such benefits should have been paid.

6    2.    <u>On the Second Claim</u>:  For an Order removing Defendant Hartford as Plan

7  fiduciary and barring it from any further responsibility for claims determinations under the Plan.

8    3.    <u>On all Claims</u>:

9      a.    For costs of suit herein, including reasonable attorneys' fees; and

10      b.    For such other and further relief as the Court deems just and proper.

11  DATED: June 13, 2008                LAW OFFICE OF GEOFFREY V. WHITE

12

13                By _____
                        Geoffrey V. White
14                        Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES