LAURA E. FANNON (SBN 111500)
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:   (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH RODDEN,<br><br>                Plaintiff,<br><br>vs.<br><br>AECOM TECHNOLOGY CORP., a Delaware corporation; AECOM TECHNOLOGY CORP. LONG-TERM DISABILITY PLAN, and HARTFORD LIFE & ACCIDENT INSURANCE CO., a Connecticut corporation,<br><br>                Defendants. | Case No.: CV 08 2953 WHA<br><br>**ANSWER OF DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO COMPLAINT (ERISA)** |

Defendant Hartford Life and Accident Insurance Company ("The Hartford"), for itself and itself alone, answers the complaint filed by plaintiff Judith Rodden ("plaintiff") as follows:

## JURISDICTION

1. Answering the allegations of paragraph 1, The Hartford admits that plaintiff was a participant in an employee welfare benefit plan; that she invokes the remedies provided by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001 et seq., and that this court has jurisdiction over the cause pursuant to 28 U.S.C. section 1331 and 29 U.S.C. section 1132. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

## VENUE

2. Answering the allegations of paragraph 2, The Hartford admits that The Hartford does business in this district and admits that venue is proper in this district. Answering the remaining allegations of said paragraph, The Hartford is without knowledge or information sufficient to form a belief as to the truth of the matters stated therein, and on that basis denies said allegations.

3. Answering the allegations of paragraph 3, The Hartford admits on information and belief that plaintiff resides in this district; admits that she was employed for a time by Aecom Technology Corporation ("Aecom") or an operating brand thereof; and admits that plaintiff was for a time a participant in the Aecom Technology Corp. Long-Term Disability Plan ("the Plan"). Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

## DEFENDANTS

4. Answering the allegations of paragraph 4, The Hartford admits on information and belief that Aecom is a Delaware corporation with its principal place of business in Los Angeles, California; and that it was the employer and Plan sponsor maintaining the Plan. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

5. Answering the allegations of paragraph 5, The Hartford admits that the Plan was and is an employee welfare benefit plan governed by ERISA, and that at the time relevant to this action, the Plan was insured through a group policy of disability insurance, policy number GLT-675191, issued by The Hartford to Aecom for the benefit of its eligible employees. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

6. Answering the allegations of paragraph 6, The Hartford admits that it was the designated claim fiduciary for the Plan at the time plaintiff's claim arose. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

## FACTS

7. Answering the allegations of paragraph 7, The Hartford admits on information and belief that plaintiff was employed by Aecom from about October 2000 to about June 2006 and that she was awarded Social Security Disability benefits in or about December 2007 or January 2008. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

8. Answering the allegations of paragraph 8, The Hartford admits that plaintiff was awarded short-term disability benefits and then was paid long-term disability benefits through September 2007; that plaintiff timely appealed the termination of benefits; and that The Hartford upheld its claim determination on May 28, 2008. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (Claim for Disability Benefits)

9. Answering the allegations of paragraph 9, The Hartford refers to and incorporates herein by this reference its answers to paragraphs 1 through 8 above as though fully set forth.

10. Answering the allegations of paragraph 10, The Hartford denies each and every allegation contained therein.

11. Answering the allegations of paragraph 11, The Hartford denies each and every allegation contained therein.

12. Answering the allegations of paragraph 12, The Hartford denies each and every allegation contained therein.

WHEREFORE, The Hartford prays for judgment as set forth below.

### ANSWER TO SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

13. Answering the allegations of paragraph 13, The Hartford refers to and incorporates herein by this reference its answers to paragraphs 1 through 12 above as though fully set forth.

14. Answering the allegations of paragraph 14, The Hartford admits that plan fiduciaries have certain legal obligations under ERISA. Answering the remaining allegations of said paragraph, The Hartford denies each and every allegation contained therein, and further alleges that the allegations of paragraph 14 are legal conclusions that require no answer.

15. Answering the allegations of paragraph 15, The Hartford denies each and every allegation contained therein.

WHEREFORE, The Hartford prays for judgment as set forth below.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State a Claim for Relief)

16. Neither plaintiff's complaint, nor any claim for relief set forth therein, states facts sufficient to constitute a claim for relief against The Hartford.

### SECOND AFFIRMATIVE DEFENSE

### (Discretionary Authority)

17. The policy sued upon contains the following provision conferring discretionary authority upon The Hartford:

> **Who interprets policy terms and conditions?**
> We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy.

In addition, the policy provides:

> The Plan has designated and named the Insurance Company [The Hartford] as the claims fiduciary for benefits provided under the Policy. The Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

Accordingly, The Hartford's claim determination must be reviewed for abuse of discretion.

### THIRD AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

18. The Hartford alleges, on information and belief, that by plaintiff's or her agents' own fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Failure To Satisfy Conditions Precedent)

19. Plaintiff has failed to satisfy all conditions precedent to payment of benefits under the policy that is the subject of this action.

### FIFTH AFFIRMATIVE DEFENSE

(Offsets)

20. The Hartford denies that any amount remains due and owing to plaintiff under the group disability policy sued upon. However, if the court should determine that any amount remains due and owing to plaintiff, all benefits to be paid are subject to offset and reduction by Other Income Benefits as defined in the policy and in accordance with its terms.

### SIXTH AFFIRMATIVE DEFENSE

(ERISA Preemption)

21. Plaintiff's complaint, and every cause of action alleged therein, is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. section 1001, et seq. Therefore, plaintiff is not entitled to any remedy not provided under ERISA.

### SEVENTH AFFIRMATIVE DEFENSE

(Requirements for Attorneys' Fees Not Met)

22. Plaintiff's claim does not meet the requirements for an award of attorneys' fees under Ninth Circuit ERISA law. Therefore, plaintiff is not entitled to recovery of attorneys' fees against The Hartford.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

23. Plaintiff's entire complaint is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

24. The Hartford presently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, defenses available. The Hartford reserves the right to assert additional defenses to the extent that such additional defenses are determined to be appropriate.

WHEREFORE, The Hartford prays for judgment against plaintiff as follows:

1. That plaintiff take nothing by reason of her complaint on file herein;
2. That The Hartford be awarded its attorneys' fees and costs of suit herein; and
3. That the court grant such other and further relief as it may deem just and proper.

Dated: August 1, 2008      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By: _____/s/Laura E. Fannon_____
    Laura E. Fannon
    Attorneys for Defendant
    HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY